1  RICHARD C. VASQUEZ /CA SB # 127228
   STEPHEN C. STEINBERG/CA SB #230656
2  AVIN P. SHARMA /CA SB# 233328
   VASQUEZ BENISEK & LINDGREN LLP
3  3685 Mt. Diablo Blvd, Suite 300
   Lafayette, CA 94549
4  Telephone:    (925) 627-4250
   Facsimile:    (925) 403-0900
5  rvasquez@vbllaw.com
   ssteinberg@vbllaw.com
6  asharma@vbllaw.com

7  Attorneys for Defendant
   3COM CORPORATION
8

9
                    UNITED STATES DISTRICT COURT
10
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN JOSE DIVISION
12

13  GEMTEK TECHNOLOGY CO., LTD., a          Case No:   5:09-cv-03659-JF
    Taiwan corporation
14                                          **DEFENDANT 3COM CORPORATION'S
              Plaintiff,                    ANSWER AND COUNTERCLAIMS TO
15                                          PLAINTIFF GEMTEK TECHNOLOGY'S
         v.                                 FIRST AMENDED COMPLAINT**
16
    3COM CORPORATION., a Delaware
17  Corporation,
                                            **DEMAND FOR JURY TRIAL**
18            Defendant.
                                            Judge:  The Honorable Jeremy Fogel
19                                          Dept: Ctrm. 4, 5th Floor, San Jose

20

21

22

23

24

25

26

27

28

1  Defendant 3Com Corporation ("3Com") hereby answers and counterclaims to Plaintiff

2  Gemtek Technology Co., LTD.'s ("Gemtek" or "Plaintiff") First Amended Complaint ("FAC")

3  by admitting, denying, and alleging as follows:

4  **JURISDICTION**

5  1.   3Com admits the allegations of Paragraph 1 of the FAC.

6  **VENUE**

7  2.   3Com admits the allegations of Paragraph 2 of the FAC, except that it denies

8  having offices located at 2033 Gateway Place, San Jose, California 95110.

9  3.   3Com admits the allegations of Paragraph 3 of the FAC.

10  **INTRADISTRICT ASSIGNMENT**

11  4.   3Com denies the allegations of Paragraph 4 of the FAC.

12  **PARTIES**

13  5.   3Com admits that Gemtek is a Taiwanese corporation.  3Com is without

14  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

15  of Paragraph 5 of the FAC, and therefore denies them.

16  6.   3Com admits the allegations of Paragraph 6 of the FAC.

17  **FIRST CAUSE OF ACTION**

18  (Breach of Contract)

19  7.   3Com incorporates by reference its responses to Paragraphs 1 through 6 of the

20  FAC as set forth fully herein.

21  8.   3Com denies the allegations of Paragraph 8 of the FAC.

22  9.   3Com is without knowledge or information sufficient to form a belief as to the

23  truth of the allegations of Paragraph 9 of the FAC, and therefore denies them.

24  10.   3Com is without knowledge or information sufficient to form a belief as to the

25  truth of the allegations of Paragraph 10 of the FAC, and therefore denies them.

26  11.   3Com is without knowledge or information sufficient to form a belief as to the

27  truth of the allegations of Paragraph 11 of the FAC, and therefore denies them.

28

1

1      12.    3Com is without knowledge or information sufficient to form a belief as to the

2  truth of the allegations of Paragraph 12 of the FAC, and therefore denies them.

3      13.    3Com denies the allegations of Paragraph 13 of the FAC.

4      14.    3Com admits that Gemtek sent 3Com a letter on or about May 26, 2009.  3Com

5  denies the remaining allegations of Paragraph 14 of the FAC.

6      15.    3Com denies the allegations of Paragraph 15 of the FAC.

7      16.    3Com denies the allegations of Paragraph 16 of the FAC.

8      17.    3Com denies the allegations of Paragraph 17 of the FAC.

9      18.    3Com denies the allegations of Paragraph 18 of the FAC.

10
## SECOND CAUSE OF ACTION

11
(Unjust Enrichment)

12      19.    3Com incorporates by reference its responses to Paragraphs 1 through 18 of the

13  FAC as set forth fully herein.

14      20.    3Com denies the allegations of Paragraph 20 of the FAC.

15      21.    3Com denies the allegations of Paragraph 21 of the FAC.

16
## THIRD CAUSE OF ACTION

17
(Declaration that Gemtek Owes No Indemnity to 3Com for the CSIRO Litigation)

18      22.    3Com incorporates by reference its responses to Paragraphs 1 through 21 of the

19  FAC as set forth fully herein.

20      23.    3Com admits the allegations of Paragraph 23 of the FAC.

21      24.    3Com admits that the "CSIRO complaint" makes the allegations in Paragraph 24

22  of the FAC.  Yet, 3Com's admission does not constitute an admission of the actual allegations

23  within the CSIRO complaint.

24      25.    3Com admits that during the CSIRO litigation, it notified Gemtek in writing of

25  the litigation and requested indemnification and defense from Gemtek.  3Com denies the

26  remaining allegations of Paragraph 25 of the FAC.

27      26.    3Com admits the allegations in Paragraph 26 of the FAC.

28      27.    3Com denies the allegations in Paragraph 27 of the FAC.

1       28.    3Com denies the allegations in Paragraph 28 of the FAC.

2       29.    3Com denies the allegations in Paragraph 29 of the FAC.

3       30.    3Com admits that Enterprise 1.0 – 802.11b WLAN PCI Card and Discovery 1.0 –

4   802.11b WLAN USB Dongle are listed in Exhibit A to the Agreement. 3Com denies the

5   remaining allegations in Paragraph 30 of the FAC.

6       31.    3Com admits that Article 8.1.3 states, "Exclusions. Such indemnification shall

7   not apply to infringement arising solely from changes made to the Products by 3Com or arising

8   solely in relation to 3Com IP." 3Com denies the remaining allegations in Paragraph 31 of the

9   FAC.

10      32.    3Com admits the allegations in Paragraph 32 of the FAC.

11      33.    3Com denies the allegations in Paragraph 33 of the FAC.

12      34.    3Com denies the allegations in Paragraph 34 of the FAC.

13  **PRAYER FOR RELIEF**

14      3Com denies that Gemtek is entitled to the relief requested in Paragraphs A – H.

15  **GENERAL DENIAL**

16      Except as expressly admitted herein, 3Com denies each and every allegation contained in

17  the FAC.

18  **DEFENSES**

19      Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it

20  would not otherwise bear, and reserving its right to assert additional defenses, 3Com asserts the

21  following defenses to the FAC:

22  **FIRST AFFIRMATIVE DEFENSE**

23  (Failure to State a Claim for Relief)

24      35.    Gemtek's First Amended Complaint fails to state a claim upon which relief can be

25  granted.

26

27

28

3

## SECOND AFFIRMATIVE DEFENSE

(Laches/Waiver/Unclean Hands)

36.     Gemtek's claims are barred in whole or in part under principles of equity, including the doctrines of laches, waiver, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Perform)

37.     Gemtek is not entitled to recover for any alleged conduct by 3Com because Gemtek failed to perform its obligations to 3Com.

## FOURTH AFFIRMATIVE DEFENSE

(Setoff)

38.     In the event that 3Com is found liable for part or all of Gemtek's claims, 3Com is entitled to set off its demands against Gemtek against any liability thereto.

## FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

39.     Gemtek's claims are barred in whole or in part by applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

40.     Based on its conduct, Gemtek is estopped from asserting any of its claims, or recovering any alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure of Consideration)

41.     Gemtek is not entitled to recover for any alleged conduct by 3Com because of the failure of consideration provided by Gemtek under the applicable agreements.

## COUNTERCLAIMS

42.     Counterclaimant 3Com ("3Com") hereby alleges for its Counterclaims against counterclaim-defendant Gemtek ("Gemtek"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

4

**THE PARTIES**

43.    3Com is a Delaware corporation with its principal place of business in Marlborough, Massachusetts.

44.    According to its First Amended Complaint, counterclaimant-defendant Gemtek is a Taiwanese corporation with its principal place of business at No. 15-1 Zhonghua Road, Hsinchu Industrial Park, Hukou, Hsinchu, 30352, Taiwan (R.O.C.).

**JURISDICTION AND VENUE**

45.    This court has jurisdiction under 28 U.S.C. § 1332, which grants the District Courts original jurisdiction in cases involving parties of diverse citizenship.  At the time of the filing of this action, diversity of citizenship exists as Gemtek is a Taiwanese corporation with its principal place of business in Taiwan, and 3Com is a Delaware corporation with its principal place of business in Massachusetts.  The amount in controversy exceeds the $75,000 statutory minimum for diversity jurisdiction.

46.    Gemtek has subjected itself to the personal jurisdiction of this court by bringing the instant action before this court.

47.    3Com and Gemtek entered into a Master OEM Purchase and Development Agreement ("Master Agreement").  The Master Agreement provides that the U.S. District Court of the Northern District of California shall have jurisdiction and venue over any controversies, proceedings, or disputes in connection with this agreement.

**GENERAL ALLEGATIONS**

48.    3Com entered into the Master Agreement with Gemtek to purchase certain Gemtek products.  Pursuant to the Master Agreement, May 31, 2002, is the effective date of the Master Agreement.

49.    Pursuant to Article 8.1.1 of the Master Agreement, "[Gemtek] shall, at its expense, indemnify, hold harmless and, at 3Com's option and request, defend 3Com and its officers, employees, agents, contract manufacturers and direct or indirect customers from any and all claims, suits, losses, liabilities, damages, court judgments or awards (notwithstanding Section 9) and the associated costs and expenses (including attorney's fees), incurred as a result

1  of actual or alleged infringement or misappropriation of any type with respect to any Product,

2  service or other material provided directly or indirectly hereunder of any patent, copyright, trade

3  secret, trademark, mask work right or other proprietary right(s) of a third party; provided, that

4  [Gemtek] is promptly notified, rendered reasonable assistance by 3Com (at [Gemtek]'s

5  expense)."

6  **CSIRO Litigation**

7         50.    On or about December 22, 2006, Commonwealth Scientific and Industrial

8  Research Organisation ("CSIRO") filed a patent infringement action against 3Com and other

9  network equipment companies in *CSIRO v. Toshiba, et al.*, in the United States District for the

10  Eastern District of Texas, Case No. 6:06-CV-550-LED.  CSIRO alleged, in relevant part, that

11  3Com products infringed on CSIRO's patent at issue in the litigation.

12         51.    On or about June 16, 2009, CSIRO entered into a settlement agreement with

13  3Com to resolve the *CSIRO* action.

14         52.    Some of the allegedly infringing products at issue in the *CSIRO* action were

15  supplied by Gemtek.

16         53.    3Com tendered defense and indemnity in the *CSIRO* action to Gemtek, but

17  Gemtek has failed to indemnify and defend 3Com.

18         54.    As a result, 3Com paid out damages and incurred attorneys' fees and other costs

19  to defend its interests in the *CSIRO* action.

20  **Wi-Lan Claims**

21         55.    On or about April 10, 2007, Wi-Lan Inc. ("Wi-Lan") sent 3Com a letter alleging

22  that 3Com products infringed on Wi-Lan's patents, and demanding that 3Com obtain a license to

23  such patents.

24         56.    Some of the allegedly infringing products in Wi-Lan's letter were supplied by

25  Gemtek.

26         57.    3Com tendered defense and indemnity of the Wi-Lan claims to Gemtek, but

27  Gemtek has failed to indemnify and defend 3Com.

28

1    58.    As a result, 3Com incurred and continues to incur attorneys' fees and other costs

2    to defend its interests against the claims asserted by Wi-Lan.

3    **NorthPeak Litigation**

4    59.    On or about October 1, 2008, NorthPeak Wireless, LLC ("NorthPeak") filed a

5    patent infringement suit against 3Com and other network equipment companies in *NorthPeak*

6    *Wireless, LLC v. 3Com Corporation, et al.*, in the U.S. District Court for the Northern District of

7    Alabama, Case No. CV-08-J-1813-NE. NorthPeak alleged, in relevant part, that 3Com products

8    infringed on NorthPeak's patents at issue in the litigation.

9    60.    On or about January 21, 2009, the district court granted an order transferring the

10   *NorthPeak* action to the U.S. District Court for the Northern District of California, Case No.

11   3:09-cv-00602-CRB.

12   61.    Some of the allegedly infringing products at issue in the *NorthPeak* action were

13   supplied by Gemtek.

14   62.    3Com tendered defense and indemnity in the *NorthPeak* action to Gemtek, but

15   Gemtek has failed to indemnify and defend 3Com.

16   63.    As a result, 3Com incurred and continues to incur attorneys' fees and other costs

17   to defend its interests in the *NorthPeak* action.

18   **PACid Litigation**

19   64.    On or about December 19, 2008, PACid Group, LLC ("PACid") filed a patent

20   infringement suit against 3Com and other network equipment companies in PACid Group, LLC

21   v. 2Wire, Inc., *et al.*, in the U.S. District Court for the Eastern District of Texas, Case No. 6:08-

22   cv-00498-LED-JDL.  PACid alleged, in relevant part, that 3Com products infringed on PACid's

23   patents at issue in the litigation.

24   65.    On or about May 1, 2009, PACid entered into a settlement agreement with 3Com

25   to resolve the action.

26   66.    Some of the allegedly infringing products at issue in the action were supplied by

27   Gemtek.

28

7

**3COM'S ANSWER & COUNTERCLAIMS**
**CASE NO: 5:09-CV-03659-JF**

67.   3Com tendered defense and indemnity in the *PACid* action to Gemtek, but Gemtek has failed to indemnify and defend 3Com.

68.   As a result, 3Com paid out damages and incurred attorneys' fees and other costs to defend its interests in the *PACid* action.

**WIAV Litigation**

69.   On or about July 7, 2009, WIAV Networks, LLC ("WIAV") filed a patent infringement suit against 3Com and other network equipment companies in *WIAV Networks, LLC v. 3Com Corporation, et al.*, in the U.S. District Court for the Eastern District of Texas, Case No. 5:09-cv-101.   WIAV alleged, in relevant part, that 3Com products infringed on WIAV's patents at issue in the litigation.

70.   Some of the allegedly infringing products at issue in the *WIAV* action were supplied by Gemtek.

71.   3Com tendered defense and indemnity in the *WIAV* action to Gemtek, but Gemtek has failed to indemnify and defend 3Com.

72.   As a result, 3Com incurred and continues to incur attorneys' fees and other costs to defend its interests in the *WIAV* action.

**FIRST COUNTERCLAIM**

(Express Contractual Indemnity)

73.   3Com realleges and incorporates herein by references Paragraphs 42 through 72, inclusive, as though fully set forth if full in this First Counterclaim.

74.   3Com entered into the Master Agreement with Gemtek whereby 3Com purchased goods from Gemtek.   The Master Agreement requires Gemtek to "at its expense, indemnify, hold harmless and, at 3Com's option and request, defense 3Com and its officers, employees, agents, contract manufacturers and direct or indirect customers from any and all claims, suits, losses, liabilities, damages, court judgments or awards (notwithstanding Section 9) and the associated costs and expenses (including attorney's fees), incurred as a result of actual or alleged infringement or misappropriation of any type with respect to any Product, service or other material provided directly or indirectly hereunder of any patent, copyright, trade secret,

trademark, mask work right or other proprietary right(s) of a third party; provided that Seller is promptly notified, rendered reasonable assistance by 3Com (at Seller's expense)."

75.    3Com has been subjected to various lawsuits and claims, as described above, as a result of actual or alleged patent infringement by products supplied by Gemtek.  As a result, 3Com has paid certain settlement amounts and has incurred and continues to incur attorneys' fees and costs in defending its interests.

76.    3Com contends that its liability in the *CSIRO* and *PACid* actions is the direct and proximate result of Gemtek's actual or alleged infringement of the patents at issue in those actions.  3Com further contends that its potential liability in the *NorthPeak* and *WIAV* actions, and to the Wi-Lan claims, is the direct and proximate result of Gemtek's actual or alleged infringement of the patents at issue in those actions and claims.

77.    3Com has repeatedly notified Gemtek, in writing and otherwise, of all of the aforementioned litigation and claims and demanded that Gemtek defend and indemnify 3Com. To date, Gemtek has refused 3Com's demands.

78.    By virtue of the Master Agreement, Gemtek must defend, hold harmless, and indemnify 3Com for the amount of any judgment or settlement, and for expenses, 3Com's costs of suit, legal fees, expert fees, investigative fees, and other damages and costs, which 3Com has incurred or will incur in connection with its defense in the *CSIRO*, *PACid*, *NorthPeak*, and *WIAV* actions, and against the Wi-Lan claims.  The total amount of 3Com's damages, costs, and attorneys' fees are not yet known, and 3Com will ask leave of this Court to insert such amount at or before trial of this matter.

WHEREFORE, 3Com prays for judgment as set forth below.

## SECOND COUNTERCLAIM

### (Breach of Contract)

79.    3Com realleges and incorporates herein by references Paragraphs 42 through 78, inclusive, as though fully set forth if full in this Second Counterclaim.

80.    3Com and Gemtek entered into the Master Agreement hereinabove described, which provided Gemtek would defend, hold harmless, and indemnify 3Com from liability and

9

1 | loss, including attorneys' fees, resulting from any claim that Gemtek's products infringe any
2 | intellectual property rights of a third party.

3 |     81.    3Com has performed all conditions and obligations to be performed on its part
4 | under the Master Agreement with Gemtek.

5 |     82.    Gemtek has breached said Master Agreement and continues to breach the Master
6 | Agreement by failing to perform its duty to defend, indemnify, and hold 3Com harmless under
7 | the Master Agreement's express contractual terms.

8 |     83.    As a direct and proximate result of said breaches, 3Com has and will continue to
9 | suffer damages, including, but not limited to, settlements, attorneys' fees it incurred in defending
10 | its interests in all of the aforementioned litigation and claims, expert fees, investigative fees, and
11 | other expenses in an amount to be proven at trial.

12 |     WHEREFORE, 3Com prays for judgment as set forth below.

13 | **THIRD COUNTERCLAIM**

14 | (Declaratory Relief)

15 |     84.    3Com realleges and incorporates herein by references Paragraphs 42 through 83,
16 | inclusive, as though fully set forth if full in this Third Counterclaim.

17 |     85.    An actual and substantial controversy has arisen and now exists between 3Com
18 | and Gemtek concerning their respective right and duties under the Master Agreement. 3Com
19 | contends that Gemtek is obligated to defend and indemnify 3Com and hold it harmless against
20 | the *CSIRO, PACid, NorthPeak,* and *WIAV* lawsuits, and the Wi-Lan claims.

21 |     86.    3Com desires a judicial determination of the respective rights and duties of 3Com
22 | and Gemtek with respect to Gemtek's duty to defend, indemnify, and hold 3Com harmless under
23 | the Master Agreement and applicable law.

24 |     87.    Such a declaration is necessary and appropriate at this time so that 3Com may
25 | ascertain its rights and duties with respect to the above referenced actions and claims. 3Com has
26 | paid to defend against the *CSIRO* and *PACid* lawsuits, and will continue to pay to defend against
27 | the *NorthPeak* and *WIAV* lawsuits, and *Wi-Lan*'s claims. 3Com may also be compelled to pay as
28 |

1  a result of any damages, judgments, settlements, or other awards recovered by NorthPeak,

2  WIAV, or Wi-Lan against 3Com.

3       WHEREFORE, 3Com prays for judgment as set forth below.

4  **COUNTERCLAIMS PRAYER FOR RELIEF**

5       WHEREFORE, 3Com prays for judgment against Gemtek as follows:

6       A.     For an order of the Court determining the rights of 3Com to express contractual

7  defense and indemnity from Gemtek against the claims raised in the *CSIRO, PACid, NorthPeak,*

8  and *WIAV* lawsuits, and the Wi-Lan claims;

9       B.     For an entry of money judgment against Gemtek in favor of 3Com in accordance

10  with its allegations;

11       C.     For 3Com's costs of suit and attorneys' fees in bringing this action; and

12       D.     For such other costs and further relief as the Court deems just and proper.

13       E.     A jury trial.

14

15  DATED:  December 29, 2009          Respectfully Submitted,

16

17  By: _____

18       RICHARD C. VASQUEZ

19

20       Richard C. Vasquez (CA SB 127228)
     Stephen C. Steinberg (CA SB 230656)

21       Avin P. Sharma (CA SB 233328)
     VASQUEZ BENISEK & LINDGREN LLP

22       3685 Mt. Diablo Blvd., Suite 300
     Lafayette, CA 94549

23       Telephone:   (925) 627-4250
     Facsimile:   (925) 403-0900

24       Attorneys for Defendant 3COM
     CORPORATION, a Delaware Corporation

25

26

27

28